# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-30

## (Not For Publication)

**RODNEY EWING**

**VERSUS**

**PAMELA H. SMITH EWING**

**AND**

**SUCCESSION OF RODNEY DAVIS EWING**

**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 23493 and NO. 24107
HONORABLE LEO BOOTHE, PRESIDING
**\*\*\*\*\*\*\*\*\*\***

## SYLVIA R. COOKS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Billy Howard Ezell and J. David Painter, Judges.

**AFFIRMED.**

John Sturgeon and Lari G.Boyd
Sturgeon & Boyd
P.O. Drawer 1463
Ferriday, LA 71334
(318) 757-4141
Attorney for Defendant/Appellant Pamela H. Smith Ewing

Robert G. Nida
P.O. Box 6118
Alexandria, LA 71307-6118
(318) 445-6476
Attorney for Plaintiff/Appellee Sharon Ewing Womack
Individually and as Executrix of the Estate of Rodney Ewing

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

Rodney Davis Ewing (Mr. Ewing) and Pamela Smith Ewing (Mrs. Ewing), residents and domiciliaries of Catahoula Parish, Louisiana, were married on October 2, 2004 in Chattanooga, Tennessee. Mr. and Mrs. Ewing entered into a written prenuptial agreement dated September 30, 2004, opting out of the Louisiana community property regime and establishing a regime of separate property. On that same date, Mr. Ewing purportedly made an olographic will leaving "1/2 of the estate of Rodney D. Ewing and Nettie Jo. Ewing" to Pamela Hawthorne Smith, i.e Mrs. Ewing.

Mr. Ewing was a long-time acquaintance of Mrs. Ewing's. He was twenty seven years her senior and in poor health at the time they married. Mrs. Ewing briefly worked as a health care attendant, and agreed to work for Mr. Ewing as an independent contractor at the rate of $100.00 per day. According to Mrs. Ewing's testimony she was paid one month in advance before she began working for Mr. Ewing. A few weeks after Mrs. Ewing began working as a personal care attendant for Mr. Ewing the two were married while traveling in Tennessee.

The couple physically separated three months later on January 25, 2005 when Mrs. Ewing left the matrimonial domicile. During the three months of their marriage the couple spent over $70,000.00 of Mr. Ewing's money in cash and credit card charges.

Mr. Ewing filed a Petition For Divorce on January 27, 2005. A judgment of divorce was granted in favor of Mr. Ewing on January 31, 2006, under the provisions of La.Civ.Code art. 102, without any determination of fault. The divorce judgment reserved all rights as to any ancillary matters including the right of either party to seek

1

interim spousal support and/or permanent periodic spousal support. Mr. Ewing passed away on May 8, 2006.

After a hearing on a rule to show cause on February 2, 2009, the trial court awarded Mrs. Ewing the sum of $250.00 per month from January 2, 2005 (the date of the filing of the petition for divorce) to May 8, 2006 (the date of Mr. Ewing's death). The judgment, rendered against Mr. Ewing's estate, does not recite whether this award is for interim spousal support or permanent periodic support. The judgment further awarded Mrs. Ewing the sum of $8,863.01 as payment for moneys spent on Mr. Ewing's separate property which funds were obtained by loans secured with Mrs. Ewing's separate property. The trial court dismissed any and all claims against the Executrix of Mr. Ewing's estate, Mrs. Sharon Ewing Womack (Womack), both in her individual capacity and as Executrix of Mr. Ewing's estate. Womack is Mr. Ewing's daughter.

Mrs. Ewing appeals the trial court's judgment alleging the trial court erred in awarding only $250.00 a month as interim spousal support and in dismissing all claims against Womack individually and as Executrix. Mrs. Ewing asserts the trial court should have awarded her damages against Womack, individually as an Executrix, for failing to pay a mortgage note on Mr. Ewing's property allowing the mortgage holder to foreclose on the property. The property in question was previously Mrs. Ewing's separate property which Mr. Ewing purchased from Mrs. Ewing's daughter as his separate property. When Mr. Ewing purchased the property from Mrs. Ewing's daughter he paid off a mortgage in Mrs. Ewing's name to Catahoula-LaSalle Bank for just over $21,000.00. Mrs. Ewing bases her claims against Womack on an olographic will purportedly written by Mr. Ewing just prior to marrying her. There is nothing in the designated record on appeal which

2

demonstrates this will was ever filed for probate. The record on appeal does not contain any objection by Mrs. Ewing to the final tableau of distribution in Mr. Ewing's succession.

## LEGAL ANALYSIS

The trial court's factual determinations are subject to the manifest error standard of review. *Arceneaux v. Domingue*, 365 So.2d 1330 (La.1979); s*ee also Stobart v. State Through Dept. of Transp. and Dev.* 617 So.2d 880 (La. 1993). Great deference is accorded the trial court's factual findings and such findings will not be disturbed on appeal unless the record shows the findings are clearly wrong*. Id.*

### *Spousal Support*

Mrs. Ewing alleges on appeal the trial court erred in the amount of spousal support awarded, arguing the amount should have been much higher.

Louisiana Civil Code Article 113 provides:

> Upon motion of a party or when a demand for final spousal support is pending, the court may award a party an interim spousal support allowance based on the needs of that party, the ability of the other party to pay, and the standard of living of the parties during the marriage, which award of interim spousal support allowance shall terminate upon the rendition of a judgment of divorce. If a claim for final spousal support is pending at the time of the rendition of the judgment of divorce, the interim spousal support award shall thereafter terminate upon rendition of a judgment awarding or denying final spousal support or one hundred eight days from the rendition of judgment awarding or denying final spousal support or one hundred eight days from the rendition of judgment of divorce, whichever occurs first. The obligation to pay interim spousal support may extend beyond one hundred eighty days from the rendition of judgment of divorce, but only for good cause shown.

The Louisiana Civil Code, Article 115 provides:

> The obligation of spousal support is extinguished upon the remarriage of the obligee, the death of either party, or a judicial determination that the obligee has cohabited with another person of either sex in the manner of married persons.

Based on our review of the designated record before us, we cannot say the trial

3

court was clearly wrong as to the amount awarded for spousal support. Nothing in the record reveals any abuse of discretion by the trial court.

***Denial of Claims Against the Succession Representative***

Mrs. Ewing asserts the trial court erred in denying all claims against Mr. Ewing's daughter both in her capacity as the succession representative for his estate and individually. Based upon our review of the designated record we cannot say the trial court was clearly or manifestly wrong in dismissing the claims against Womack. The final tableau of distribution contained in the record demonstrates Mr. Ewing's estate was insolvent. Nothing in the record shows Mrs. Ewing objected to the tableau of distribution. Womack testified she paid the mortgage note on her father's property after his death until she exhausted the liquid assets of his estate.[*] She further testified she faced the choice of paying for her father's nursing home care as long as possible or paying the mortgage note on this particular piece of property. Additionally, there is no evidence in the designated record on appeal which indicates that the purported olographic will, upon which Mrs. Ewing bases her claims, has been filed for probate much less recognized as a valid will.

The trial court's judgment is affirmed with costs of this appeal to be paid by Appellant, Pamela H. Smith Ewing.

**AFFIRMED.**

---

[*]Mrs. Ewing's father purchased the property previously owned by Mrs. Ewing at the sheriff's sale and she presently resides at that property.

4